UNITED STATES ex rel. Robert L. BROWN, Appellant,

v.

COMMONWEALTH OF PENNSYLVANIA et al.

No. 14259.

United States Court of Appeals Third Circuit.

Submitted Sept. 16, 1963.

Decided Sept. 24, 1963.

Robert L. Brown, pro se.

William Claney Smith, Asst. Dist. Atty., Pittsburgh, Pa., for County of Allegheny.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

Robert L. Brown appeals from an order of the district court denying his pe-

**54**

tition for a writ of habeas corpus. The case has been submitted for decision on the brief of the appellant, the Commonwealth having failed to file an answering brief.

The thrust of appellant's brief is that the Commonwealth, through the Board of Parole, is depriving him "of his Constitutional right of liberty after the service of sentence imposed by a court of law has been fully satisfied and served." More precisely, in the petition he filed in the district court, appellant asserted that his sentence should have expired on July 6, 1959, but that "a political appointed body of citizens of no judicial authority" falsified and altered the court records by changing the date for expiration of sentence to March 25, 1966. The district court denied the petition for the reason that any correction of the court records should be by the state tribunal, and further stated that appellant had not indicated that he had exhausted his state remedies. However, in granting a certificate of probable cause to appeal, the district judge noted that numerous petitions of an equally insufficient character had recently been filed by state prisoners requesting a hearing in the district court. He deemed it desirable to have an appellate determination on the question of a habeas-corpus applicant's right to such a hearing.

The recent opinion of the Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), sets forth the considerations which make exercise of the district court's power to grant a hearing mandatory. In essence, those considerations apply to cases in which material factual issues of Constitutional significance were not properly adjudicated in the state courts. In the instant case the petitioner does not contend that the state courts failed to properly adjudicate factual questions of Constitutional dimensions, or that his original trial and sentence were in any sense violative of due process. Rather, his complaint is that he is being incarcerated for a period in excess of the sentence originally imposed. It does not appear

that this factual issue has been presented to the state courts, or that there is no remedy presently available to appellant in those courts. Thus, in view of the wrong alleged, this case appears particularly appropriate for application of the rule requiring exhaustion of state remedies. 28 U.S.C.A. § 2254. See Fay v. Noia, 327 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The order of the district court will be affirmed.