**UNITED STATES of America ex rel. John HAWRYLIAK, Petitioner,**

v.

**J. F. MARONEY, Warden, State Correctional Institution, Pittsburgh, Pennsylvania.**

**Misc. No. 3459.**

United States District Court
W. D. Pennsylvania.

April 8, 1964.

ROSENBERG, District Judge.

The relator has here presented a Petition for Writ of Habeas Corpus. He is confined in the State Correctional Institution at Pittsburgh, Pennsylvania, serving a maximum sentence of twelve years as imposed upon him on April 14, 1960, by Judge Shumaker of the Butler County Court, Pennsylvania.

The relator states that he was arrested on September 30, 1959 and indicted at the December Term, 1959 on a charge of murder. To this charge the relator pleaded not guilty. He was tried to a jury from February 15, 1960 to February 20, 1960, and the jury returned a verdict of voluntary manslaughter. No appeal was filed.

The relator, according to his petition, filed for a writ of habeas corpus in the Court of Common Pleas of Butler County on February 10, 1961 and after hearing on July 31, 1961, the petition was denied on August 3, 1961. On July 5, 1961, the relator filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania at Civil Action No. 61–403 to enforce the County Court action. After Judge Marsh of this court had entered an order to show cause returnable on August 2, 1961, the petition was dismissed without prejudice for failure on the part of the relator to exhaust state remedies. On September 1, 1961, the relator filed a petition for rehearing in the Butler County Court, and this petition was denied on September 14, 1961. The relator again filed for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania on October 31, 1961 at Civil Action No. 61–669. Again, Judge Marsh of this court dismissed the petition for failure on the part of the relator to exhaust state remedies. The relator filed an appeal on December 12, 1961 to the Supreme Court of Pennsylvania, Commonwealth ex rel. Hawryliak v. Maroney, 407 Pa. 27, 180 A.2d 243 and that court affirmed the lower court's order on April 17, 1962. On May 10, 1962, the relator filed for certiorari in the United States Supreme Court and on October 18, 1962, certiorari was denied. Hawryliak v. Maroney, 371 U.S. 836, 83 S.Ct. 61, 9 L.Ed.2d 72. The relator again filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Pennsylvania on October 17, 1962 at Miscellaneous No. 3043 and that petition

was dismissed on October 22, 1962 by Judge Dumbauld of this court. However, on October 24, 1962, the relator filed a petition for a rehearing and that was granted and a rule to show cause was issued, but the petition was denied on November 27, 1962. On November 29, 1962, the relator filed a petition for a certificate of probable cause in the United States District Court for the Western District of Pennsylvania, and this petition was denied on December 4, 1962. On December 14, 1962, the relator filed for allowance of an appeal or for a certificate of probable cause to the Court of Appeals for the Third Circuit. On January 11, 1963, the petition was denied. On February 4, 1963, the relator filed for certiorari in the United States Supreme Court and it was denied on October 14, 1963, Hawryliak v. Pennsylvania, 375 U.S. 839, 84 S.Ct. 85, 11 L.Ed.2d 67.

■■ The relator here makes a number of assertions and complains on the basis of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), that a federal court must grant an evidentiary hearing to a habeas corpus applicant where under the following circumstances:

(a) the merits of the factual dispute were not resolved in the state hearing;

(b) the state factual determination was not fairly supported by the record as a whole;

(c) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing;

(d) the material facts were not adequately developed at the state court hearing; and

(e) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

The difficulty with the relator's position is that he points to evidentiary and procedural flaws which in themselves may be only incidents as they arise in the trial but give no support to the relator's contention that they are funda-

mental defects of such proportion as to be federal questions. The relator states that he was not afforded at his trial a full and evidentiary hearing adequate enough to ascertain the truth; that the prosecution used hearsay testimony of a suppressed eyewitness; that the defendant was under duress and therefore incompetent to present his defense; that the Sheriff had hand-picked and summoned by telephone additional prospective jurors, and that the jury was deceived.

A petition for a writ of habeas corpus is entitled to consideration, but it must in itself present sufficient facts which give it weight in order to entitle it to the issuance of a writ. From the record it appears that a member of this District Court has already considered the issues or contentions as raised now by the relator. It is obvious that everything that is here raised has been raised previously and considered. It would appear that in none of these is there any basis for the calling of an evidentiary hearing except possibly in one instance which I now discuss.

■ The relator stated that he was given barbiturates during the trial of the case, and that these "impaired his senses to such an extent that he could not comprehend the seriousness of a murder trial and thus properly aid in his defense". This, alone, may ordinarily have required a hearing by a District Court if there were nothing more, but the record discloses other matters which a District Court should carefully consider in relation to this averment as made by the relator.

In the first place, the petitioner had two attorneys at his trial, Leo M. Stepanian of Butler County, court appointed, and Benjamin Haseltine of Allegheny County and privately retained. It is significant that at no time had either one of these attorneys noticed anything wrong with the mental condition of the relator during the course of the trial.

It had eventually become a matter of knowledge that aspirin and phenobarbital tablets had been distributed in the Butler County jail, to the prisoners, without a doctor's prescription, and that some prisoners accumulated these for their own purposes. This vicious practice was discovered during the trial of another case by Judge Shumaker of the Butler County Court and he quickly eliminated the practice. In fact Judge Shumaker in his opinion disposing of this relator's petition for a writ of habeas corpus to the Butler County Court said:

"Other testimony taken at this hearing had to do with a practice at the jail severely condemned and criticized by this Court and now discontinued. When it was bedtime for the prisoners confined in the jail, the turnkey on duty passed out aspirin tablets and barbiturates, namely, phenobarbital to prisoners requesting the same. The latter, being in one half grain tablets, were sometimes not consumed but accumulated. Sometimes the pills were acquired by non-users and later given to other prisoners or used for barter or exchange. These were administered without doctor's prescription or order and without supervision.

"This untenable situation first came to the attention of the Court during the murder trial of George W. Craig when that defendant appeared in Court in such a state of stupefaction that he was unable to take the witness stand and testify in his own behalf or assist his attorneys in handling his defense. His trial had to be interrupted and continued. Later this Court granted a new trial, assigning the use of the barbiturates as the reason therefore.

"Knowing of this case, our opinion therein being cited to this Court the Relator now contends that he, too, took phenobarbital during the course of his trial, taking two tablets each evening, two in the morning and on one occasion, two at noontime. He called a witness, Turnkey H. William Browne, who testified that he did dole out at night time

the phenobarbital tablets to prisoners who asked for the same and to Hawryliak during the trial.

"Granted that Hawryliak voluntarily took and consumed the drug under the deplorable practice then existing at the jailhouse, the difference between his case and the Craig case is that Craig was visibly affected by the medicine but nowhere, including Hawryliak's own testimony is there one scintilla of evidence the relator was in any way disabled by the use of phenobarbital. Not until now has this matter been raised by Hawryliak and we are of the opinion that his position is without merit."

If this case were called for a hearing in the District Court, the Court would be required to summon Judge Shumaker as a witness. It is quite obvious that Judge Shumaker has already set forth the facts as he personally knew them in this case. There is no reason why the District Court cannot accept the personally known facts of the Judge as set forth in his official opinion. This factual statement is offset only by what the relator says, that he was under the influence of barbiturates given to him by the jail keeper.

At an evidentiary hearing before this Court, the evidence would necessarily hinge upon the testimony as given by the relator and such testimony as might have been available by the calling of Judge Shumaker. But that now is unnecessary, because the relator has presented in his petition a copy of Judge Shumaker's opinion in which the Judge clearly sets out the facts which are now required for the attention of this Court.

Furthermore, Congress has provided that it shall be unnecessary to call a judge as a witness where application is made for a writ of habeas corpus. 28 U.S.C. § 2245 reads as follows:

"On the hearing of an application for a writ of habeas corpus to inquire into the legality of the detention of a person pursuant to a judgment the certificate of the judge who presided at the trial resulting in the judgment, setting forth the facts occurring at the trial, shall be admissible in the evidence. Copies of the certificate shall be filed with the court in which the application is pending and in the court in which the trial took place. June 25, 1948, c. 646, 62 Stat. 966."

Although we do not have Judge Shumaker's certificate, we do have that which the relator has presented before us as the veritably accepted statement of Judge Shumaker as made in his opinion. In these circumstances it may here be accepted as the statement of fact of the trial judge.

I am of the opinion that I may accept this statement of Judge Shumaker as evidence in this case and to accept it as evidence with knowledge of what Judge Shumaker had done in the Craig case and of his concern in granting a new trial of his own motion in that case where it was obvious one should have been granted. Under the circumstances here, it is my opinion that there is not a sufficient basis for bringing in Judge Shumaker, the lawyers of the case, the jail keeper, the relator and the others who may have any testimony in this connection.[1] After reviewing all of the averments in the relator's petition, I find nothing that has not already been reviewed and given judicial consideration.

■ A hearing is not grantable as a matter of course. It should be allowable

---

1. I have also considered, in the light of what may be common knowledge of a layman, the possible influence which barbiturates in the form of two one-half grain phenobarbital tablets taken morning and evening and on occasion at noon, might have had upon the defendant during the likely stressful time of the trial, and for the need of medical testimony in this connection. I have also considered the noticeable effect—or rather the lack of noticeable effect—had upon those most likely to observe and know of such an abnormal condition, the trial judge and the lawyers.

when certain requisite facts appear which make it necessary to adduce additional evidence or factual circumstances for the granting of a writ of habeas corpus. Analyzing, then, every averment of the relator's petition here, I find nothing which when measured by the record of this case, can lend support to his petition for granting a writ of habeas corpus. Just as every relator is not entitled as a matter of right to a writ of habeas corpus, neither is the relator automatically entitled as a matter of right to an evidentiary hearing. Turner v. State of Maryland, C.A.4, 1962, 303 F.2d 507; Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837, 1963; Townsend v. Sain, supra; United States ex rel. Brown v. Commonwealth of Pennsylvania, No. 14259, C.A.3, 1963, 323 F.2d 53; Brown v. Allen, 344 U.S. 443, 460–465, 73 S.Ct. 397, 97 L.Ed. 469, 1943; Schlette v. People of State of California, C.A.9, 1960, 284 F.2d 827, cert. denied 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852, 1961.

The relator's petition will, therefore, be denied.