**COMMONWEALTH OF PENNSYLVANIA ex rel. George MARKLEY, Petitioner,**

v.

**Theodore BOTULA, Superintendent, Allegheny County Workhouse, Pittsburgh, Pennsylvania, and the Commonwealth of Pennsylvania, Respondents.**

Misc. No. 3500.

United States District Court
W. D. Pennsylvania.

June 23, 1964.

---

ROSENBERG, District Judge.

The relator here seeks a Writ of Habeas Corpus. He is now confined in the Allegheny County Workhouse by reason of pleas of guilty before a judge in Erie County, Pennsylvania.

The charges against him were multiple as based upon false pretense and uttering worthless checks. The relator complains about the sentences as imposed and charges that the trial judge made a statement at the time of the sentencing, but later amended the oral statement by reducing it to writing. This was signed by the trial judge as an order and made final. The relator petitioned the trial judge for an amendment of the order but that petition was denied.

He then filed a petition for a writ of habeas corpus in Erie County, Pennsylvania, on April 10, 1964. A rule to show cause was granted and an answer was filed by the District Attorney. This matter apparently stands undisposed. The relator thereafter filed a petition for a writ of mandamus in the Court of Common Pleas of Dauphin County on May 1, 1964. He asserts that his actions have been fruitless and that he is now being illegally detained and has no available remedies in the state courts.

From his petition it appears obvious that he has not exhausted his state remedies on testing the legality of his imprisonment. Since the bringing of actions for writs of habeas corpus are open in the state courts, he has not exhausted his state remedies. He still has available to him actions for writs of habeas corpus in the appellate courts of the Commonwealth of Pennsylvania. Act of February 18, 1785, 2 Sm.L. 275, § 1, 12 P.S. §§ 1871, 1873; Constitution of Pennsylvania, Article I, Section 3, P.S. And this is so in spite of the fact that his choice in bringing an action for mandamus may have miscarried or been unavailing. Where a matter is pending in a state court, comity dictates that the state courts first have an opportunity to rule thereon. United States ex rel. Drew v. Myers, C.A.3, 1964, 327 F.2d 174. By his own petition the relator has shown that he has not exhausted his state remedies. He is, therefore, not entitled to the granting of a writ of habeas corpus in this court. United States ex rel. Brown v. Commonwealth of Pennsylvania, C.A.3, 1963, 323 F.2d 53.

Accordingly, the petition for a Writ of Habeas Corpus will be denied.