Ronald REMERIEZ

v.

James MABONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.

Misc. No. 3502.

United States District Court
W. D. Pennsylvania.

June 24, 1964.

ROSENBERG, District Judge.

The relator has filed a petition for a Writ of Habeas Corpus. He is now confined in the State Correctional Institution at Pittsburgh, Pennsylvania.

From the relator's petition it appears that he had been sentenced on three different occasions, one of which resulted

in a five year probation, and the last of which was a sentence of from six months to two years imposed by Judge Alexander in the Court of Quarter Sessions of Philadelphia County, Pennsylvania on April 21, 1960.

From these various sentences the relator says that he was entitled to release on March 29, 1962, but considerable confusion appears in the record as presented by him as to the concurrency of such sentences, and whether or not he is now legally being detained.

He asserts that he petitioned the Court of Common Pleas of Philadelphia County for a mandamus to enforce the order of Judge Alexander, but that such petition was never received by the Prothonotary, and further, that he would be required to pay a $12.00 filing fee. The relator further states that he petitioned the Superior Court on April 23, 1963, for a writ of mandamus and that the Prothonotary refused the same because it had been denied before. The relator then avers that he petitioned the Supreme Court of Pennsylvania for a mandamus on May 5, 1964 and his petition was returned with a letter stating that Judge Alexander should handle the matter.

■ There is no need to make a determination here as to whether or not there is a requirement to receive the filing of a mandamus proceeding in a state court from an indigent person confined in a jail or prison without prepayment of costs. It is clear, however, that a state cannot discriminate in habeas corpus proceedings against some convicted defendants because of their poverty and there is the requirement that state officials receive such petitions from in-digent persons without the prepayment of costs where a cause of action is stated in a complaint. Smith v. Bennett, Warden, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961).

■ The relator did not bring any actions, such as writs of habeas corpus, in the state courts for the procurement of such remedy as might have tested the legality of his imprisonment. Under the circumstances as presented by the relator, he did not exhaust his state remedies and he is not entitled to present the present petition for a writ of habeas corpus in this court. As stated in United States ex rel. Brown v. Commonwealth of Pennsylvania, C.A.3, 1963, 323 F.2d 53:

"In the instant case the petitioner does not contend that the state courts failed to properly adjudicate factual questions of Constitutional dimensions, or that his original trial and sentence were in any sense violative of due process. Rather, his complaint is that he is being incarcerated for a period in excess of the sentence originally imposed. It does not appear that this factual issue has been presented to the state courts, or that there is no remedy presently available to appellant in those courts. Thus, in view of the wrong alleged, this case appears particularly appropriate for application of the rule requiring exhaustion of state remedies. 28 U.S.C.A. § 2254. See Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)."

Since the relator has not exhausted his state remedies, his petition for a Writ of Habeas Corpus will be denied.