UNITED STATES of America, ex rel. Roy E. HARBAUGH, Petitioner,

v.

COMMONWEALTH OF PENNSYLVANIA, and James F. Maroney, Supt., et al., State Correctional Institution, Pittsburgh, Pennsylvania, Respondents.

Civ. A. No. 64-1005.

United States District Court
W. D. Pennsylvania.

Sept. 29, 1964.

Certiorari Denied Feb. 1, 1965.

See 85 S.Ct. 728.

ROSENBERG, District Judge.

The relator has filed a petition for a Writ of Habeas Corpus. He is now confined in the State Correctional Institution at Pittsburgh, Pennsylvania. From his petition it appears that the relator is attempting to set aside and vacate a sentence for armed robbery for which he was originally sentenced for a term of from five years to fifteen years commencing July 19, 1946. The offense was committed in McKean County, Pennsylvania, and sentence was rendered after the relator pleaded guilty to the charge, at which time he was represented by counsel.

On February 15, 1952, after serving approximately five years and six months,

the relator was placed on parole subject to an acceptable parole plan in the State of Indiana. On March 29, 1961, the relator violated his parole in Indiana in that he became convicted of a new offense, and the Pennsylvania Board of Parole determined that he be re-committed for violation of parole. For this parole violation, the relator was committed to serve at least three years, in addition to the time remaining unserved on his original sentence, thereby making the maximum time of sentence for parole violation to expire on July 28, 1970.

The relator further avers that he has exhausted his state remedies. A review of his petition shows that he filed a petition for a writ of habeas corpus in the Court of Common Pleas in McKean County. The petition was denied and the denial was affirmed by the Superior Court of Pennsylvania. The relator also avers that he attempted to appeal the decision of the Superior Court; however, such appeal was filed, through no fault of his own, one day late and its acceptance was refused by the Prothonotary of the Supreme Court of Pennsylvania.

In his petition the relator sets forth three basic claims: first, his plea of guilty to the original offense was constitutionally invalid because he was denied due process and equal protection of the law when he received inadequate and incompetent representation and therefore had not been fully advised of his rights at the time; second, the officials of the State of Pennsylvania unconstitutionally extended his term of sentence by misapplication of the parole statutes; and third, the Supreme Court of Pennsylvania by denying his appeal violated his constitutional rights.

■ After a careful examination of the petition and the exhibits attached thereto, it is clear that the relator has failed to support his contentions with sufficient facts in order to entitle him to the issuance of a writ of habeas corpus,

or to entitle the relator to an evidentiary hearing.

■ As stated in United States ex rel. John Hawryliak v. James F. Maroney, Superintendent, W.D.Pa.1964, 235 F. Supp. 135, "A hearing is not grantable as a matter of course. It should be allowable when certain requisite facts appear which make it necessary to adduce additional evidence or factual circumstances for the granting of a writ of habeas corpus."

Analyzing then all the averments of the relator's petition here, I find nothing which can lend support to the granting of a writ of habeas corpus. Just as every relator is not entitled as a matter of right to a writ of habeas corpus, neither is a relator automatically entitled as a matter of right to an evidentiary hearing.

■ As to the relator's assertion that the Commonwealth of Pennsylvania misapplied the parole statutes this is a matter of State interpretation. One on parole is subject to the jurisdiction of the sovereign which placed him on parole. United States ex rel. Brewer v. Maroney, C.A. 3, 1963, 315 F.2d 687; United States ex rel. Long v. Rundel, C.A. 3, 1964, 327 F.2d 495.

■ Finally, the relator's contention that the Supreme Court of Pennsylvania violated his constitutional rights is a mere conclusion. In any event, it was for the relator to first seek his remedy by testing the legality of his imprisonment by a proper petition for a writ of habeas corpus in a State court. Under the circumstances as presented by the relator, he did not exhaust his State remedies and is not entitled to a writ of habeas corpus in this Court. United States ex rel. Brown v. Commonwealth of Pennsylvania, C.A. 3, 1963, 323 F.2d 53. Accordingly, the relator's petition will be denied.