Commonwealth ex rel. DeSimone, Appellant, *v.* Maroney.

Submitted April 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*John DeSimone,* appellant, in propria persona.

*Fred L. Brothers,* District Attorney, and *John I. Munson,* Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., September 28, 1955:

John DeSimone, an inmate of the Western Penitentiary, petitioned the Court of Common Pleas of Fayette County for a writ of habeas corpus. The petition set forth five "Questions and Answers Involved". A rule was granted to show cause why the writ should not issue. The District Attorney filed an answer. Thereafter the rule was discharged and the writ refused. This appeal followed.

The record discloses that on July 27, 1940, there was a holdup at the State Liquor Store in Republic, Fayette County. An information was made charging appellant, together with Ernest Ford and Albert Bodnic, with armed robbery and possession of burglary tools. At the hearing before the Justice of the Peace, Ford and Bodnic pleaded guilty generally, and appellant pleaded guilty to armed robbery only. An indictment was returned to No. 6-106 September Sessions 1940 and, on September 4, 1940, Ford and Bodnic entered pleas of guilty. On the same date appellant, represented by court-appointed counsel, entered a plea of not guilty. He was immediately brought to trial before a jury and, on September 5, 1940, was found guilty. He was sentenced to undergo imprisonment in the Western Penitentiary for an indefinite term, the minimum of which was seven and one-half years and the maximum twenty years. Appellant was at that time on parole, in consequence whereof he was first required to serve three years and five months unexpired parole time. On April 15, 1948, appellant presented a "petition for a modification of sentence". On June 4, 1948, this petition was refused. Appellant was released on parole on July 14, 1951. Thereafter, and while on parole, he entered a plea of guilty in Erie County to

a charge of receiving stolen goods, on which he was sentenced to the Allegheny County Workhouse. He is now confined as a parole violator.

As we interpret appellant's brief, he is here expanding his contentions to nine "argumentative facts". We perceive no merit in the additional questions[1] he attempts to raise, and deem it unnecessary to discuss them. Questions not raised in the court below will not be reviewed on appeal: *Weiner v. Cassin Motors*, 174 Pa. Superior Ct. 235, 101 A. 2d 431; *Roberts v. Fireman's Insurance Co.*, 376 Pa. 99, 101 A. 2d 747. We will therefore proceed to consider the five questions originally raised.

Appellant contends (first) that he was compelled to proceed to trial without adequate notice, and (fourth) that six defense witnesses were not present. Alleged trial errors, including refusal to postpone the trial to have defense witnesses present, are not the subject of relief in a habeas corpus proceeding: *Commonwealth ex rel. Matthews v. Day*, 381 Pa. 617, 114 A. 2d 122. The writ of habeas corpus is not a substitute for a motion for a new trial, or for an appeal, or for a writ of error: *Commonwealth ex rel. Garrison v. Burke*, 378 Pa. 344, 106 A. 2d 587. See also *Commonwealth ex rel. Scasserra v. Keenan*, 175 Pa. Superior Ct. 636, 106 A. 2d 843.

Appellant contends (second) that it was error "to arrange (sic) the untutored relator" before a jury which had been sworn before he was brought into the courtroom. This contention is contrary to the records of the trial court. The minute book of the Court of Quarter Sessions of Fayette County reveals that the case was called for trial, at which time appellant plead-

---

[1] Arrest without warrant, the impounding of "personal monies and coinage", failure to publicly read the indictment, failure to have testimony reported.

ed not guilty, and that a jury was then called and sworn. The trial or court record may relevantly be considered in a habeas corpus proceeding, and may not be collaterally impeached: *Commonwealth ex rel. Perino v. Burke,* 175 Pa. Superior Ct. 291, 104 A. 2d 163. A recital in the minute book of the presence of the accused in open court sufficiently establishes that fact: *Commonwealth ex rel. Smilley v. Claudy,* 172 Pa. Superior Ct. 247, 93 A. 2d 894.

Appellant contends (third) that it was error for the trial judge to appoint for him "an inept, incompetent, and inadequate attorney". In the words of Mr. Justice BELL in *Commonwealth ex rel. Garrison v. Burke,* supra, 378 Pa. 344, 106 A. 2d 587, "such a contention or accusation is becoming more and more frequent. Losing counsel is ofttimes blamed by succeeding counsel who, with the benefit of hindsight, is convinced that he could have more ably conducted the defense with the result that defendant would have been acquitted. If such contentions were to prevail a new trial would have to be granted in nearly every case where a man was convicted of crime, and there would be no finality to any criminal trial". The absence of effective representation must be strictly construed: *Commonwealth ex rel. Richter v. Burke,* 175 Pa. Superior Ct. 255, 103 A. 2d 293.

Appellant finally contends (fifth) that, when the verdict was returned, he was confined in jail and was not present in court. Appellant's contention in this regard is contrary to the averments in his prior petition of April 15, 1948. In felonies other than capital offenses, it is not necessary that it should affirmatively appear on the court record that the defendant was present when the verdict was rendered. Unless the contrary appears, it will be presumed that everything was rightly done: *Holmes v. The Commonwealth,* 25 Pa.

221. Allegations of prisoners with long terms to serve should be closely examined, especially where a considerable period of time has elapsed between the alleged event and the eventual allegations: *Commonwealth ex rel. Howard v. Claudy*, 175 Pa. Superior Ct. 1, 102 A. 2d 486.

The order of the court below is affirmed.