Commonwealth ex rel. DeSimone, Appellant, *v.* Cavell.

Submitted November 18, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

132

*John DeSimone,* appellant, in propria persona.

*Robert L. Webster,* Assistant District Attorney, and *Joseph E. Kovach,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 21, 1958:

This proceeding is another example of the abuse of habeas corpus. Such repeated petitions by relator, an experienced offender,[1] manifest a lack of sincerity and an absence of any meritorious ground for a writ. The present petition filed on April 30, 1957, was the third petition by relator which has been presented to the Court of Common Pleas of Fayette County. The first petition filed October 27, 1954, was dismissed by the court on January 6, 1955. On appeal the order of the court below was affirmed in *Com. ex rel. DeSimone v. Maroney,* 179 Pa. Superior Ct. 300, 116 A. 2d 747, allocatur refused 179 Pa. Superior Ct. xxvi, certiorari denied 350 U. S. 976, 76 S. Ct. 452, 100 L. Ed. 846. A second petition was dismissed on January 18, 1956. Another petition was filed with the United States District Court for the Western District of Pennsylvania on March 15, 1956; a hearing was held on April 13, 1956; further hearing was denied on May 1, 1956; a

---

[1] See *United States of America ex rel. John DeSimone v. Commonwealth of Pennsylvania, Frank C. Johnston, Warden, et al., Western State Penitentiary.* (The United States District Court for the Western District of Pennsylvania, Civil Action No. 14406; testimony at hearing on April 13, 1956, pp. 63, 64).

writ of habeas corpus was denied on June 5, 1956; and a rehearing was denied on August 8, 1956.[2]

Each petition is characterized by an attempt to state some new issue that may be receptively received by some court.

In the proceedings which were before us in *Com. ex rel. DeSimone v. Maroney*, supra, 179 Pa. Superior Ct. 300, 116 A. 2d 747, relator made several allegations, among them being that he was not present when the jury was sworn at his trial in the Court of Oyer and Terminer of Fayette County on September 4, 1940, and that he was not present when the verdict was rendered on September 5, 1940. The record established the falsity of these allegations.

Relator alleges in the present petition that his court-appointed counsel was not present when he was sentenced on September 5, 1940, the same day the verdict of the jury was returned. From the dismissal of this petition he has appealed to this Court.

------

[2] In relator's petition in the United States District Court, he set forth, among the fourteen alleged violations of his rights at his trial on September 4 and 5, 1940, in the Court of Oyer and Terminer of Fayette County, that he was not represented by counsel at the time of sentencing (thirteenth). In denying the petition for writ of habeas corpus after hearing, Judge MARSH of the United States District Court for the Western District of Pennsylvania said:

"In the light of these inconsistencies, we attach no credence to relator's present testimony that he was in jail when the verdict of guilty was pronounced and that he was sentenced in absence of his counsel. . . . When all the foregoing contradictions are considered in conjunction with the court records, the presumption of regularity which attaches to a trial of a noncapital felony, and the long delay in presenting the alleged violations, the court is constrained to conclude that relator has failed to meet his burden of establishing any of the averments of his petition by a fair preponderance of the evidence." . . . .

It is relator's sole contention at this time. Relator had ample opportunity to present such allegation in his previous petition, and under the circumstances he was obliged to do so, although, in a habeas corpus proceeding, a court is not ordinarily bound by the legal rule of res judicata. See *Com. ex rel. Allen v. Claudy*, 170 Pa. Superior Ct. 499, 503, 87 A. 2d 74.

Although the record does not affirmatively establish counsel's presence at the time of sentence, it is not material in this case. The presumption is that everything in connection with the trial was rightly done, and that the proceeding was regular and lawful. *Holmes v. The Commonwealth*, 25 Pa. 221, 224; *Com. ex rel. McGlinn v. Smith*, 344 Pa. 41, 47, 24 A. 2d 1; *Com. ex rel. Richter v. Burke*, 175 Pa. Superior Ct. 255, 260, 103 A. 2d 293. The presumption that the trial court complied with state and federal requirements as to due process was not overcome in this case by the mere assertion in relator's petition that his counsel was not present when sentence was imposed. The trial judge recognized relator's right to be represented by counsel and without request appointed counsel for him. In a petition for modification of sentence filed in the Court of Oyer and Terminer of Fayette County on April 15, 1948, relator recognized the presence of his counsel when the verdict was returned and nowhere in the detailed petition did he aver that he was not present in court when the jury rendered its verdict or that his counsel was not present when he was sentenced. If his counsel was absent, relator also knowingly omitted including the allegation and raising the question in his petition filed in the Court of Common Pleas of Fayette County on October 27, 1954, which was previously before this Court, as appears from the petition itself and his brief filed in the Superior Court. Furthermore, the identical allegation was

dismissed when raised by relator in the United States District Court for the Western District of Pennsylvania.

Assuming, however, that counsel was not present at the time of sentence, relator has not averred that any unfairness or harm resulted. See *Com. ex rel. Presecan v. Ashe*, 168 Pa. Superior Ct. 267, 270, 77 A. 2d 684, certiorari denied 342 U. S. 841, 72 S. Ct. 70, 96 L. Ed. 635, 636; *Com. ex rel. Popovich v. Claudy*, 170 Pa. Superior Ct. 482, 87 A. 2d 489. Consequently, it does not appear that any constitutional right of relator was violated. *Com. v. Polens*, 327 Pa. 554, 557, 194 A. 652; *Com. ex rel. Berry v. Tees*, 177 Pa. Superior Ct. 126, 131, 110 A. 2d 794.

Relator was sentenced on September 5, 1940, by the Court of Oyer and Terminer of Fayette County to the Western State Penitentiary for a term of not less than seven and one-half years and not more than twenty years. He was paroled on July 14, 1951. Thereafter he was sentenced in Erie County to the Allegheny County Workhouse on a plea of guilty to a charge of receiving stolen goods, but he is now confined as a parole violator. See *Com. ex rel. DeSimone v. Maroney*, supra, 179 Pa. Superior Ct. 300, 303, 116 A. 2d 747. The numerous petitions by relator for writ of habeas corpus have followed the revocation of parole. If he had behaved himself after his parole, he would not have been subjected to any further imprisonment, and he would now have no reason to complain.

The belated attempt after sixteen years to raise this question is entitled to no serious consideration under the circumstances. As Judge WRIGHT said, speaking for this Court in relator's previous appeal, *Com. ex rel. DeSimone v. Maroney*, supra, 179 Pa. Superior Ct. 300, 305, 116 A. 2d 747, 749: "Allegations of prisoners with long terms to serve should be closely examined, espe-

cially where a considerable period of time has elapsed between the alleged event and the eventual allegations: Commonwealth ex rel. Howard v. Claudy, 175 Pa. Superior Ct. 1, 102 A. 2d 486."

Judge MORROW (now deceased), who tried and sentenced relator and appointed counsel for him, properly dismissed the present petition without a hearing, as it failed to show any denial of due process in the procedure that resulted in relator's confinement.

The order of the court below is affirmed.