Commonwealth ex rel. Clawson, Appellant, *v.* Maroney.

Submitted April 16, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Eugene Paul Clawson*, appellant, in propria persona.

*John R. Hoye*, District Attorney, for appellee.

OPINION BY RHODES, P. J., June 12, 1963:

Relator appealed from an order of the Court of Common Pleas of Fayette County dismissing his petition for a writ of habeas corpus. Relator was indicted at No. 4/18, June Term, 1960, in the Court of Oyer and Terminer and General Jail Delivery of Fayette County on charges of sodomy and buggery. Relator pleaded not guilty. At the trial before a jury on June 14, 1960, he was represented by counsel. The jury returned a verdict of guilty, with recommendation of psychiatric treatment. On August 3, 1960, relator was sentenced to the Western Correctional Diagnostic and Classification Center for confinement in a state institution for a period of four to eight years.

Relator's petition for writ of habeas corpus was dismissed without hearing on November 23, 1962, by the Court of Common Pleas of Fayette County. Relator avers that he was tried in the Court of Quarter Sessions of Fayette County; that said court lacked jurisdiction of the subject matter since indictments for

sodomy and buggery are triable only in the court of oyer and terminer. This averment is without foundation; in fact, it is contradicted by the record which shows the trial in the court of oyer and terminer. Assuming that relator's allegation as to trial in the court of quarter sessions were true, no objection to jurisdiction was made at the trial; nor was there any showing that the accused was prejudiced in his defense upon the merits, or that a failure of justice resulted. The Act of May 10, 1927, P. L. 879, 17 PS §392, provides: "Whenever any indictment, other than an indictment for murder, shall be found in any court of oyer and terminer, or quarter sessions of the peace, of the county where the offense was committed, for any crime not triable under existing law in the court where found, the court may nevertheless proceed with the trial of the accused in the court in which such indictment was found, unless the court shall, upon motion of the accused, certify the indictment to the proper court for trial. No motion made after verdict, or writ of error or appeal, based on a failure to indict or try a defendant or defendants in the proper court, as provided by existing law, shall be granted or sustained, unless it be affirmatively shown that the accused was in fact prejudiced in his defense upon the merits and a failure of justice has resulted."

Relator's averment that he was unable to obtain the notes of testimony at the trial is unfounded. In the absence of any request from the defendant, failure to have notes of testimony taken at the trial does not constitute a denial of due process. *Com ex rel. Koffel v. Myers*, 184 Pa. Superior Ct. 270, 273, 133 A. 2d 570; *Com. ex rel. Kimble v. Keenan*, 194 Pa. Superior Ct. 169, 172, 166 A. 2d 668. A petition for writ of habeas corpus must be self-sustaining and, in the absence of averments of facts which, if true, would entitle relator to relief, the lower court can properly dismiss the peti-

tion without a hearing. *Com. v. Cuff,* 196 Pa. Superior Ct. 274, 276, 175 A. 2d 136; *Com. ex rel. Coffman v. Keenan,* 198 Pa. Superior Ct. 80, 82, 182 A. 2d 288.

The order of the court below is affirmed.