Commonwealth ex rel. Jones, Appellant, *v.*
Rundle.

Submitted September 14, 1964. Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Richard T. Jones,* appellant, in propria persona.

*Abner Silver,* Assistant District Attorney, *Thomas M. Reed,* Chief Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY WRIGHT, J., November 12, 1964:

Richard T. Jones has appealed from an order of Court of Common Pleas No. 2 of Philadelphia County dismissing his petition for a writ of habeas corpus.

This is a typical case in which a prisoner belatedly attacks an earlier sentence when he learns, following his commitment for a later offense, that he must serve unexpired parole time. In each such appeal we carefully review, not only the record in the court of common pleas, but also the original trial record in the court of quarter sessions. If we find that these records are adequate and that appellant's contentions have been satisfactorily answered in the court below, it is our present policy to enter merely a per curiam order of affirmance. In the instant case the trial record is incomplete, and a brief opinion is indicated.

At September Sessions 1959, the Grand Jury in the County of Philadelphia, returned three bills of indictment against Richard T. Jones as follows: Bill No. 391 charged burglary, larceny and receiving stolen goods; Bill No. 392 charged larceny and receiving stolen goods; Bill No. 393 charged operating a motor vehicle without the owner's consent. On October 15, 1959, Jones appeared with counsel before Honorable BYRON

A. Milner, entered pleas of not guilty, and waived his right to jury trial. Following findings of guilty, Jones was sentenced on Bill No. 391 to confinement in the Pennsylvania Industrial School at White Hill. On Bills Nos. 392 and 393 sentence was suspended. On December 19, 1960, Jones was paroled from White Hill. While on parole he committed another burglary for which he was indicted at Bill No. 315 September Term 1961. Following a finding of guilty on this charge, he was sentenced to serve four to twenty-three months in the Philadelphia County Prison. On January 25, 1962, Jones was paroled on Bill No. 315 September Term 1961, and committed for violation of parole on Bill No. 391 September Term 1959. He is presently confined in the State Correctional Institution at Philadelphia.

Appellant's first complaint is that he did not have counsel at his preliminary hearing. It is well settled that absence of counsel at the preliminary hearing does not constitute a denial of due process: *Commonwealth ex rel. Land v. Rundle*, 202 Pa. Superior Ct. 509, 198 A. 2d 433; *Commonwealth ex rel. Maisenhelder v. Rundle*, 414 Pa. 11, 198 A. 2d 565.

Appellant next complains that he was denied due process because "the court failed in its duty to inform the accused of his rights to a trial by jury". However, the record contains a written waiver of jury trial signed by the appellant, approved and consented to by his attorney, by the assistant district attorney, and by the trial judge.

Appellant's final complaint is that he was "denied a constitutional right when the court failed to transcribe the notes of testimony". It appears that no motion for a new trial was filed, and that appellant's request for the notes of testimony was not made until March 28, 1963. The court stenographer who reported the trial died before the notes of testimony were transcribed. Appellant does not raise any question requir-

ing a review of the notes of testimony, nor has he alleged or demonstrated any prejudice because of their absence. Where the defendant in a criminal prosecution does not request that the case be stenographically recorded, failure to have notes of testimony taken at the trial does not constitute a violation of due process: *Commonwealth ex rel. Clawson v. Maroney*, 201 Pa. Superior Ct. 126, 191 A. 2d 689. And in a case wherein notes of testimony had been taken and transcribed, but defendant's request was not filed until twenty months after the trial, it was held that refusal of the trial court to supply a copy of the transcript did not constitute an infringement of defendant's constitutional rights: *Commonwealth ex rel. Sleighter v. Banmiller,* 392 Pa. 133, 139 A. 2d 918. In the instant case it was impossible, over forty-one months after the trial, to comply with appellant's belated request. It is our view under the circumstances that the nonexistence of transcribed notes of testimony does not entitle appellant to a release from custody.

Since there were no issues of fact for determination, and since grounds for release were not established, appellant's petition was properly dismissed without hearing: *Commonwealth ex rel. Bolish v. Banmiller,* 396 Pa. 129, 151 A. 2d 480; *Commonwealth ex rel. Bishop v. Claudy,* 373 Pa. 523, 97 A. 2d 54.

Order affirmed.