**UNITED STATES of America ex rel. Roy E. HARBAUGH, Petitioner,**

v.

**COMMONWEALTH OF PENNSYLVANIA et al., Respondents.**

**Civ. A. No. 67–264.**

United States District Court
W. D. Pennsylvania.

May 8, 1967.

Roy E. Harbaugh, pro se.

William F. Potter, Dist. Atty., County of McKean, Smethport, Pa., for respondents.

## OPINION AND ORDER

MARSH, District Judge.

Roy E. Harbaugh, a state prisoner, has applied for a writ of habeas corpus. He sets forth as reasons for the writ: (1) denial of representation by competent counsel; (2) unavailability of exculpatory evidence that has subsequently become available and which would have affected the outcome of the trial if it had been introduced; (3) the sentence imposed for armed robbery by the Court of Quarter Sessions instead of the Court of Oyer & Terminer was void; and (4) violation of his right to due process and equal protection of the law under the Fourteenth Amendment. In our opinion the petition for the writ should be denied.

The Commonwealth admits that relator has exhausted his state remedies. The District Attorney has supplied the records pertaining to relator's conviction in the Court of Quarter Sessions of McKean County, Pennsylvania, at No. 22

October Sessions, 1946, and of the subsequent proceedings in the state courts.

From the records, it appears that relator pleaded guilty to armed robbery of Holley Hotel in Bradford, Pennsylvania, and was sentenced to imprisonment for a minimum of 5 years and a maximum of 15 years, effective July 19, 1946. Apparently, there is no transcript of the sentence hearing. The return of the Superintendent of the State Correctional Institution where relator is presently confined and the records disclose that he was paroled on February 15, 1952; on June 24, 1954, he was sentenced to serve from 10 to 25 years in the State Penitentiary at Michigan City, Indiana, on a charge of robbery;[1] that upon his release from that sentence on February 24, 1961, the Pennsylvania Board of Parole took him into custody as a convicted parole violator; that because of his conviction of a new crime while on parole, the time he was at liberty, i. e., 9 years, 5 months and 4 days, was forfeited pursuant to the law of Pennsylvania;[2] that his maximum term now expires on July 28, 1970.

Relator has presented three unsuccessful petitions for the writ in the Court of Common Pleas of McKean County, Pennsylvania.[3] He has presented one unsuccessful petition for the writ in this court at Civil Action No. 64–1005.[4] At Civil Action No. 65–904, he presented a petition for removal of cause and declaratory judgment which was denied by Judge Rosenberg. He brought a Civil Rights action in this court at Miscellaneous No. 3723 against a judge and other officials of McKean County, which was dismissed by Chief Judge Gourley.[5] All of the foregoing actions encompassed complaints relating to his conviction in 1946, including some of those listed in the petition here under consideration.

Relator made no complaints relative to his conviction until after he was recommitted for parole violation. He has never denied his guilt. He has never asserted his admissions of guilt were other than voluntary. His first petition for the writ was presented to Judge Charles G. Hubbard, the sentencing Judge, at No. 189 December Term, 1963. In that petition, as he does here, the relator alleged as a ground for relief inadequate representation by counsel. Judge Hubbard in dismissing the petition states in his opinion:

"At the time of his [relator's] sentence, he was represented by an attorney. * * *

"Counsel who represented petitioner at the [sentencing] hearing August 8, 1946, was an attorney of capability, who had practiced law in the County of McKean for quite a number of years, and who is now holding a high judicial office [United States District

---

1. At Civil Action No. 64–1005, a prior petition for habeas corpus in this court, relator admitted on page 6 thereof that on November 19, 1952, he was arrested in Indianapolis, Indiana, on a charge of robbery while armed, was convicted of that charge on June 24, 1954, and sentenced from 10 to 25 years in the State Prison at Michigan City, Indiana; that on February 24, 1961, Indiana granted him a final discharge from that sentence and he was turned over to the custody of two Pennsylvania parole officers. In affidavits of poverty at 178 June Term, 1965, Court of Common Pleas of McKean County, Pennsylvania, and in his petition under the Post Conviction Hearing Act, relator admitted that he has been a ward of the Commonwealth of Pennsylvania and State of Indiana since November 19, 1952.

2. 61 Purdon's Pa.Stat.Ann. § 331.21a(a).

3. The state habeas corpus proceedings are identified in McKean County as 189 December Term, 1963, denied by Judge Hubbard; 178 June Term, 1965, denied by Judge Mencer; and petition dated June 8, 1966 under the Post Conviction Hearing Act, docketed at No. 22 October Sessions, 1946, denied by Judge Wells, specially presiding, on July 21, 1966.

4. This petition was denied by Judge Rosenberg, D.C., 235 F.Supp. 144; petition for certificate of probable cause denied by the Court of Appeals; certiorari denied by the Supreme Court at No. 685 Misc. October Term, 1964, 379 U.S. 1004, 85 S.Ct. 728, 13 L.Ed.2d 705.

5. Petition to appeal in forma pauperis denied by the Court of Appeals on July 22, 1965.

Judge for the Western District of Pennsylvania]. The record does not show that any continuance was requested."

We think this statement of fact by the sentencing Judge is equivalent to a certificate attesting to the fact that relator had the services of competent counsel at the time of his sentence. 28 U.S.C. § 2245.

The aid which could have been rendered by a lawyer on a plea of guilty to an admitted crime is quite limited. As appears on page 2 of his petition for the writ presented to Judge Hubbard (No. 189 December Term, 1963), relator admitted that counsel was appointed for him and that he "threw himself on the mercy of the court and entered a plea of guilty." On a plea of guilty, time is relative and a brief period between appointment and sentence ordinarily would be adequate especially when, as here, it appears that the accused admitted the crime of robbery to the police [6] and to the alderman at his preliminary hearing,[7] waived indictment and pleaded guilty in open court.

■ Three state judges and one federal judge have denied relator's petitions for relief on the ground that he was denied adequate assistance of counsel. Two appeals were taken to the Superior Court of Pennsylvania from the orders dismissing his state court petitions; both orders were affirmed per curiam. A certificate of probable cause was denied by the Court of Appeals. We think in the circumstances disclosed by the records, relief on this ground was properly denied and we concur in those decisions.

■ Relator's second ground is without merit. No specification of the "exculpatory evidence" is stated either in his petition here or in the petition filed in the state court on June 8, 1966 under the Post Conviction Hearing Act, although in the latter proceeding he had appointed counsel to advise and represent him. Judge Walter Pierre Wells, P. J., 55th Judicial District, specially presiding, denied relief. It is not apparent how the unspecified "exculpatory evidence" could change admitted guilt to innocence. It is to be noted that the second ground is printed in the form furnished relator in 1966 to enable him to proceed under the Post Conviction Hearing Act and he has simply copied it verbatim in his petition presented to this court, again without any factual detail.

■ Relator's third and fourth grounds are likewise without merit. When relator pleaded guilty and was sentenced, it does not appear that any objection was made to the jurisdiction of the Court of Quarter Sessions, and no showing is made or alleged that he was prejudiced. In United States ex rel. Hazen v. Maroney, 217 F.Supp. 328, 329 (W.D.Pa.1963), also a case from McKean County wherein the relator pleaded guilty to a felony and was sentenced in the Court of Quarter Sessions, as here, we remarked:

"[U]nless some prejudice is shown to relator, such a contention is technical and a certification to the correct criminal court having jurisdiction may be made nunc pro tunc after sentence. Brown v. Commonwealth, 78 Pa. 122 (1875)."

In Commonwealth ex rel. Clawson v. Maroney, 201 Pa.Super. 126, 191 A.2d 689 (1963), the relator was tried and convicted of a felony in the Court of Quarter Sessions. The Court held that under the Act of May 10, 1927, P.L. 879, 17 Purdon's Pa.Stat.Ann. § 392, absent objection to the jurisdiction at trial, and where there was no showing of prejudice, a dismissal of a petition for the writ was proper.

We so hold as to the petition sub judice.

---

6. See page 4 of his petition at No. 178 June Term, 1965, in the Court of Common Pleas of McKean County, Pennsylvania.

7. See transcript of Alderman Higie attached to the record of relator's conviction at No. 22 October Sessions, 1946, in the Court of Quarter Sessions of McKean County.

The fact that relator's maximum term of imprisonment has been extended because of his conviction of a new crime in Indiana while on parole from his Pennsylvania conviction is in accord with Pennsylvania law. Act of 1941, August 6, P.L. 861, § 21.1, as amended, 61 Purdon's Pa.Stat.Ann. § 331.21a(a).

■ Statutory provisions relating to parole and terms of imprisonment for crimes are exclusively state matters unless they offend against the Constitution of the United States.

■ In our opinion the cited statute withholding credit for the time at liberty on parole does not offend the parolee's federal constitutional rights to due process and equal protection of the law under the Fourteenth Amendment. Cf. United States ex rel. Heacock v. Myers, 251 F.Supp. 773 (E.D.Pa.1966), aff'd 3 Cir., 367 F.2d 583.

■ Relator's incarceration after revocation of parole was in execution of the original sentence imposed in 1946 after his guilty plea and which was only provisionally suspended. The fact that relator may now be required to serve his maximum sentence results from his breach of the terms of his conditional release from prison; the parole revocation is not an additional penalty for relator's 1946 crime. United States ex rel. Kloiber v. Myers, 237 F.Supp. 682 (E.D.Pa.1965).

■ Although relator was not at "liberty" when he was imprisoned in Indiana, notwithstanding, it has been held that "liberty on parole", as used in the cited statute, is not liberty from all confinement but liberty from confinement on the particular sentence for which the convict is being recommitted as a parole violator. Hence, he is not entitled to credit on his 1946 robbery sentence for time spent in Indiana jails under confinement for an offense committed in Indiana. Commonwealth ex rel. Jones v. Rundle, 413 Pa. 456, 199 A.2d 135 (1964).

An appropriate order will be entered.