Commonwealth *v.* DeSimone, Appellant.

Submitted March 15, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BAR-BIERI, JJ.

*William J. Franks,* for appellant.

*Thomas P. Ruane, Jr.,* First Assistant District Attorney, and *Joseph Kovach,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 20, 1972:

We must here decide whether the principles recently enunciated in *Commonwealth v. Anderson,* 441 Pa. 483, 272 A. 2d 877 (1971), should apply to trials which took place prior to our decision in that case. In our view, *Anderson* must be so applied, and we accordingly grant appellant a new trial.

On September 5, 1940, appellant John DeSimone was convicted by a jury of armed robbery and related offenses. He was sentenced to 7½ to 20 years imprisonment. No direct appeal was taken at that time.[1]

In 1967 appellant filed the Post Conviction Hearing Act[2] petition that is now before us.[3] In this petition

---

[1] It should be noted here that appellant DeSimone has obviously been deprived of his right to free counsel on appeal, guaranteed by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), a decision which the United States Supreme Court has held to be fully retroactive. *Smith v. Crouse,* 378 U.S. 584, 84 S. Ct. 1929 (1964). At appellant's trial in 1940 he was represented by court-appointed counsel, a clear indication of his indigency at the time. There is nothing in the record to indicate that appellant was offered and declined court-appointed counsel to assist him in taking an appeal. In fact, one would not expect to discover such an offer more than twenty years before *Douglas* was decided.

[2] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1 et seq.

[3] Appellant filed several unsuccessful habeas corpus petitions. See, e.g., *Commonwealth ex rel. DeSimone v. Cavell,* 185 Pa. Superior Ct. 131, 138 A. 2d 688, cert. denied, 358 U.S. 843, 79 S. Ct. 67 (1958); *Commonwealth ex rel. DeSimone v. Maroney,* 179 Pa. Superior Ct. 300, 116 A. 2d 747 (1955), cert. denied, 350 U.S. 976, 76 S. Ct. 452 (1956). However, under our decision in *Commonwealth v. Cannon,* 442 Pa. 339, 275 A. 2d 293 (1971), failure to raise an issue in a habeas corpus proceeding instituted prior to the effective date of the Post Conviction Hearing Act does not preclude a

appellant alleged that he was denied the effective assistance of counsel, that the trial court instructed the jury to find him guilty, that both he and his counsel were absent when the verdict was returned and also during the imposition of sentence, and finally that he was denied his right of appeal. Counsel was appointed to assist appellant in perfecting his petition, and a hearing was held on March 27, 1968. The hearing court subsequently dismissed the petition on August 26, 1968, finding appellant's testimony "not worthy of belief". The Superior Court affirmed per curiam without opinion, with Judge HOFFMAN filing a dissenting opinion in which Judge SPAULDING and Judge CERCONE joined. See *Commonwealth v. DeSimone,* 216 Pa. Superior Ct. 213, 263 A. 2d 901 (1970). We granted allocatur.

Appellant presses three issues before our Court: ineffective assistance of counsel, denial of his appeal rights, and the absence of counsel during sentencing. We express no opinion as to the merits of his argument on these issues, for a new trial is necessary due to the total absence of any meaningful record of appellant's original trial.

Just one year ago this Court decided *Commonwealth v. Anderson,* supra. In that case, we held, after an exhaustive survey of the relevant authorities: "The common thread running through the surveyed United States Supreme, Federal and State Courts' decisions which have dealt with the problem is that, *while a transcript per se is not an absolute due process necessity, there must be at least an equivalent 'picture' of what tran-*

---

prisoner from raising the issue in a Post Conviction Hearing Act proceeding.

Appellant also filed several pro se petitions pursuant to the Post Conviction Hearing Act, all of which were dismissed without a hearing except the petition now before us. See *Commonwealth v. Mumford,* 430 Pa. 451, 243 A. 2d 440 (1968).

*spired below."* Id. at 493, 272 A. 2d at 882 (emphasis added).

The proceedings at Anderson's trial had not been transcribed because his counsel did not request that a record be made,[4] and the court did not order the proceedings recorded. Moreover, no "equivalent 'picture' of what transpired below" could be constructed. Consequently this Court concluded: "Anderson, through no fault of his own, has been deprived of a meaningful appeal and fairness compels the grant of a new trial." Id. at 494, 272 A. 2d at 882.

Appellant DeSimone's claim is virtually identical to that of Anderson. No record was made of the proceedings at his trial since his attorney did not request that a record be made[5] and no "equivalent 'picture' of what transpired below" can now be constructed. The judge who presided at appellant's trial is now deceased. Appellant's defense counsel is no longer practicing in this state. The prosecutor at appellant's trial, who is now a judge, testified that he had "no independent recollection of the case". Finally, the court reporter who worked for the judge who presided at appellant's trial also testified that she did not recall whether or not she was present at appellant's trial.

In light of the United States Supreme Court's decision in *Smith v. Crouse,* 378 U.S. 584, 84 S. Ct. 1929

---

[4] See Act of May 1, 1907, P. L. 135, §2, as amended, 17 P.S. §1802.

[5] In *Anderson,* supra, we refused to regard counsel's failure to request that the trial be recorded as a waiver of the defendant's right to a "transcript or other equivalent 'picture' of what transpired below." We must do the same here. To conclude otherwise would be to hold that this defendant waived his right to a meaningful appeal before the Commonwealth offered a scintilla of evidence. Such a waiver would in reality be an announcement that error can be committed without the possibility of correction on appellate review.

(1964), holding that the right to counsel on appeal, guaranteed by *Douglas v. California*, 373 U.S. 353, 83 S. Ct. 814 (1963), is fully retroactive, we must give our *Anderson* decision full retroactive effect. Even a moment's reflection makes clear that the purpose to be served by *Anderson* is precisely the same purpose which *Douglas* was intended to serve—to see that all defendants have the opportunity to obtain a "meaningful appeal". *Douglas v. California*, 373 U.S. 353, 358, 83 S. Ct. 814, 817 (1963) ; *Commonwealth v. Anderson*, supra, at 494, 272 A. 2d at 882 (1971).[6] In fact, a *Douglas* right of appeal, without a transcript or an "equivalent 'picture' of what transpired below", is indeed a meaningless and illusory right, and pragmatically no effective right of appeal at all.

Recently, in *Mayer v. City of Chicago*, 404 U.S. 189, 92 S. Ct. 410 (1971), the Supreme Court extended to non-felony cases the obligation of states to provide indigent appellants a free transcript or other "record of sufficient completeness". Id. at 194, 92 S. Ct. at 414. There the Court recognized that such a record is necessary to afford a defendant "proper consideration of his claims" and "adequate and effective appellate review". Id. at 194, 92 S. Ct. at 414. Simple logic and justice require that once a defendant is guaranteed a right of appeal under *Douglas*, he must be provided with a "transcript or other equivalent 'picture' of what transpired below" in order to have a "meaningful appeal". It is just as constitutionally impermissible to deny a

---

[6] The United States Supreme Court has clearly indicated which is the most important of the three criteria for determining the retroactivity of constitutional rights of criminal defendants: "Foremost among these factors is the purpose to be served by the new constitutional rule." *Desist v. United States*, 394 U.S. 244, 249, 89 S. Ct. 1030, 1033 (1969).

It should also be noted that the Constitution of this Commonwealth, Art. V, §9, now guarantees a defendant's right to appeal.

defendant a record necessary for appellate review as it is to deny him the assistance of counsel necessary to prosecute the appeal.

We do not believe that *Norvell v. Illinois,* 373 U.S. 420, 83 S. Ct. 1366 (1963), requires a different result. In fact, *Norvell* actually calls for the retroactive application of *Anderson.* It is important to note the United States Supreme Court's proviso in *Norvell* that: "If it appeared that the lawyer who represented petitioner at the trial refused to represent him on the appeal and the petitioner's indigency prevented him from retaining another, we would have a *different case.* Cf. Douglas v. California, 372 U.S. 353." Id. at 422-23, 83 S. Ct. at 1368 (emphasis added).

Like the defendant in *Anderson,* appellant has been deprived of his *Douglas* rights.[7] Thus appellant De-Simone's case is that "different case" of which *Norvell* spoke. All that *Norvell* held was that a state, without violating the due process or equal protection clauses, may refuse to give a prisoner a new trial when no transcript of the trial is available if the prisoner knowingly and intelligently waived his *Douglas* rights of appeal. For when a defendant has knowingly and intelligently waived his right to appeal, whether a transcript of his trial is available is irrelevant, for he has waived his right to assert any claims which he could have raised on direct appeal.[8] Thus there is nothing for an appellate court to review and a transcript is unnecessary. However, when the defendant has been deprived of his *Douglas* rights, he is consequently entitled to an appeal, and a transcript or other equivalent picture, like the assistance of counsel, is essential to the exercise of his right to appellate review.

---

[7] See footnote 1, supra.

[8] See Act of January 25, 1966, P. L. 1580 (1965), §4(b)(1), 19 P.S. §1180-4(b)(1).

The order of the Superior Court is reversed. The judgment of sentence is reversed and the record is remanded for a new trial.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the decision of this case.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

Although I was able to concur in the result in *Com. v. Anderson*, 441 Pa. 483, 272 A. 2d 877 (1971), I am unwilling to grant retroactive application to that opinion. It is my view that the majority ignores the practical effect of its decision.

The decision to grant retrospective effect to new constitutional rules is a function of three variables: "(a) the purpose to be served by the new standards, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall v. Denno,* 388 U.S. 293, 297 (1967). Despite the fact that, "[f]oremost among these factors is the purpose to be served by the new constitutional rule [footnote omitted]," *Desist v. United States,* 394 U.S. 244, 249 (1969), it is my position that the majority opinion under-estimates the weight of the second and third factors in the equation. Until the date of our opinion in *Anderson* the bench and bar of this Commonwealth were under no affirmative duty to ensure stenographic reporting of criminal trials.

Indeed, prior to *Anderson,* the Superior Court had ruled on at least seven occasions that, in the absence of any request from the defendant, the failure to have notes of testimony taken at the trial does not constitute a denial of due process. *Com. ex rel. Jones v. Rundle,* 204 Pa. Superior Ct. 316, 204 A. 2d 487 (1964) ; *Com. ex rel. Clawson v. Maroney,* 201 Pa. Superior Ct.

126, 191 A. 2d 689 (1963); *Com. v. Kimble*, 187 Pa. Superior Ct. 490, 144 A. 2d 598 (1958); *Com. ex rel. Koffel v. Myers*, 184 Pa. Superior Ct. 270, 133 A. 2d 570 (1957); *Com. ex rel. Shultz v. Myers*, 182 Pa. Superior Ct. 431, 128 A. 2d 103 (1956); *Com. ex rel. McCurdy v. Burke*, 175 Pa. Superior Ct. 482, 106 A. 2d 684 (1954); *Com. ex rel. Turk v. Ashe*, 167 Pa. Superior Ct. 323, 74 A. 2d 656 (1950). Although it is a matter of speculation, it is my belief that a substantial percentage of pre-*Anderson* criminal cases were tried in the absence of a court reporter and that there is no "equivalent 'picture'" of these proceedings. If 1 correctly interpret the majority's opinion, every one of these criminals must be awarded a new trial.

The only analogous decision in this area by the United States Supreme Court, *Norvell v. Illinois*, 373 U.S. 420 (1963), reflects my position that the majority opinion ignores the realities of the situation. In *Norvell*, the court reporter died before his shorthand notes taken fifteen years earlier could be transcribed; the failure to transcribe these notes immediately after trial was principally due to the accused's indigency. The Supreme Court concluded that no equal protection violation occurred. Although this Court distinguished *Norvell* on its facts in *Anderson*, *Norvell* did note that practical accommodations must be made in this type of situation. It is no coincidence that Justice DOUGLAS, speaking for the majority, quoted *Metropolis Theatre Co. v. Chicago*, 228 U.S. 61, 69-70 (1913): "The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be and unscientific. . . . What is best is not always discernible; the wisdom of any choice may be disputed or condemned." Such practical considerations underline our decisions in *Com. ex rel. Goldsmith v. Myers*, 430 Pa. 385, 243 A. 2d 429 (1968), and *Com. v.*

388

*Banks*, 428 Pa. 571, 237 A. 2d 339 (1968). Notwithstanding the primacy of the purpose to be served by the *Anderson* rule, I am of the opinion that the exigencies of the situation prohibit retroactive application of *Anderson*.

Moreover, granting retrospective effect to *Anderson* places our Court in an anomalous position vis-a-vis guilty pleas. After careful deliberation and reargument, we ruled in *Com. v. McBride*, 440 Pa. 81, 269 A. 2d 737 (1970), that a defendant who enters a guilty plea in a "silent record" case tried before *Com. ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968), must bear the burden of proving that his plea was not knowingly and voluntarily entered. In light of the fact that a guilty plea has the same effect as a jury's verdict, any distinction between "silent record" guilty pleas and non-existent, full-scale trial records is unwarranted; and yet such a distinction is implicit in the majority opinion. An appellate court can no more determine the voluntariness of a guilty plea where the record is silent than it can review a conviction for trial errors where no record was made. Indeed, appellant was indicted along with two others who pled guilty to the same offenses. If the others were to now seek post-conviction relief, any court in this Commonwealth would be justified in placing on them the burden of proving the involuntariness of their guilty pleas under *McBride* whereas appellant is awarded a new trial.

I dissent.

Mr. Justice POMEROY joins in this dissent.