385 A.2d 391

**COMMONWEALTH of Pennsylvania**

v.

**Leo Anthony DIXON, a/k/a Charles Davis, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided April 13, 1978.

Reargument Denied May 18, 1978.

Lawrence Singer, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is a direct appeal from judgment of sentence. On October 1, 1975, the appellant, Leo Anthony Dixon, a/k/a Charles Davis was tried non-jury on a charge of theft before Philadelphia Common Pleas Court Judge, William A. Dwyer, Jr. Appellant was found guilty and sentenced to a term of imprisonment at Graterford Correctional Institution.

On October 27, 1975 appellant filed a timely appeal to this Court and counsel was appointed to represent him. On April 6, 1976, defense counsel wrote a letter to the trial judge and to Mr. James Gilliam, the court stenographer, requesting that the notes of testimony be transcribed for appeal purposes. Two more written requests were made for the transcription of the notes of testimony on June 1, 1976 and July 1, 1976, and numerous telephone calls were also made to the court stenographer's office but to no avail. Subsequently, it was learned that on August 7, 1976, the court stenographer, Mr. James Gilliam, had died, never having transcribed the notes of testimony of the instant trial.

Counsel on appeal was not the trial counsel and is therefore unable to determine what substantive issues to raise on appeal. Accordingly he raises the unavailability of this trial record as the sole issue, contending that appellant is entitled to relief because he cannot effectively and meaningfully exercise his appellate rights because he has not been furnished a full transcript or other equivalent picture of what transpired during this trial. We agree and must reverse and remand for a new trial.

■ In *Commonwealth v. Anderson,* 441 Pa. 483, 272 A.2d 877 (1971), the Court held that new counsel faces an impossible task without a transcript of the notes of testimony. The responsibility for producing the transcript for appellate review lies with the State, not with defense counsel. *Commonwealth v. Goldsmith,* 452 Pa. 22, 304 A.2d 478 (1973). Despite numerous requests for a transcription of the notes of testimony over a period of ten months, counsel has not and never will receive a transcript of the notes of testimony. Apparently this is due to the fact that the court stenographer was critically ill prior to his death on August 7, 1976. Furthermore, an equivalent picture of what transpired below, by affidavit or otherwise, is neither available nor forthcoming. The trial judge's refusal to write an opinion is likely explained by the following notation in record:

"CP August Term, 1975—No. 1640

Judge did not write an opinion as the matter is a factual one.

Notes of testimony not available.

Court Reporter ill."

Finally, the Commonwealth has not responded to this appeal, having filed no reply brief.

The Pennsylvania Supreme Court has repeatedly ruled that meaningful appellate review requires a full transcript of the trial proceedings; consequently, where such a record is lacking, the appellant is entitled to a new trial. *Commonwealth v. Goldsmith,* supra; *Commonwealth v. Anderson,* supra; *Commonwealth v. DeSimone,* 447 Pa. 380, 290 A.2d 93 (1972); *Commonwealth v. Jones,* 234 Pa.Super. 68, 334 A.2d 689 (1975).

Judgment reversed; new trial ordered.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.