399 A.2d 772
**COMMONWEALTH of Pennsylvania**

v.

**Frederick Lloyd HOMSHER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1978.
Decided March 16, 1979.

272

Stanley Bashman, Philadelphia, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

In February, 1977, appellant was convicted by a jury of simple assault. In July, 1977, he was sentenced to eleven and one-half to twenty-three months imprisonment, and fined $4,900.00. Appellant's trial counsel filed a timely notice of appeal with this court, after which appellant re-

tained new counsel. Appellant's new counsel has tried unsuccessfully to obtain a transcript of the trial. The official court record does not include a transcript. Apparently no request for one was made by trial counsel, the prosecution, or the lower court. The court stenographer has retired, and has removed her records from the courthouse. She has sworn by affidavit that after a diligent search, she is unable to find her notes of appellant's trial.

Appellant argues that the lack of a trial transcript deprives him of a meaningful appeal, and therefore requires a reversal. We agree.

■■ Pennsylvania law on this subject is unequivocal: In order to vindicate his right to an appeal, a defendant in a criminal case must be provided with a transcript or an equivalent "picture" of what happened below. *Commonwealth v. DeSimone*, 447 Pa. 380, 384–85, 290 A.2d 93, 96 (1972); *Commonwealth v. Anderson*, 441 Pa. 483, 493, 272 A.2d 877, 881–882 (1971); *Commonwealth v. Dixon*, 253 Pa.Super. 383, 385 A.2d 391 (1978). There is no such "equivalent picture" here. Appellant's trial counsel is out of the case. Appellant's new counsel, unfamiliar with the lower court proceedings, is "unable to determine what substantive issues to raise on appeal," *Commonwealth v. Dixon, supra,* 253 Pa.Super. at 384, 385 A.2d at 391, and accordingly faces an "impossible task" in trying to provide adequate representation. *Commonwealth v. Anderson, supra* 441 Pa. at 494, 272 A.2d at 882. Furthermore, this court is "precluded from determining if trial errors were committed or if the evidence supports the convictions." *Id.*

■ It is the Commonwealth's responsibility to produce a transcript for appellate review, *Commonwealth v. Goldsmith*, 452 Pa. 22, 29, 304 A.2d 478 (1973); there is no suggestion that the absence of a transcript here is in any way appellant's fault. Nor can it be claimed that appellant has waived his right to a transcript, because if there was waiver, the record does not show that it was voluntary and intelligent. *Commonwealth v. Goldsmith, supra,* 452 Pa. at

274

26, 304 A.2d at 480; *Commonwealth v. Anderson, supra* 441 Pa. at 486, 272 A.2d at 878.

Judgment reversed; new trial ordered.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision in this case.