J-S80007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL MARTINEZ-LOPEZ | : | |
| | : | |
| Appellant | : | No. 2319 EDA 2017 |

Appeal from the PCRA Order June 15, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0003402-2010

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                  **FILED JANUARY 16, 2018**

Gabriel Martinez-Lopez appeals from the denial of his first PCRA petition.  We vacate the order in question, and remand for proceedings consistent with this memorandum.

Appellant was convicted of first-degree murder and related offenses in connection with the beating death of Jose Armando Cazares-Olarte.  On April 9, 2016, around the same time that his wife reported him missing, police found Mr. Cazares-Olarte's body outside a home located on Walker Lane in King of Prussia, and concluded that he was murdered elsewhere and was left at the location in question.  Through cell phone records, investigators ascertained that Appellant was the last person with whom the victim had spoken. Police interviewed Appellant on April 27, 2010, and Appellant confessed that he had killed Mr. Cazares-Olarte at the request of the victim's wife, who was Appellant's paramour.   Appellant had enlisted the aid of his

brother, and they kidnapped the victim at gunpoint, and drove Mr. Cazares-Olarte to Appellant's garage, where Appellant struck him in the head with a stone several times. The two men then transported the victim's body to Walker Lane. Appellant's brother confirmed his role in the crime, and the victim's wife also confessed to conspiring with Appellant to kill her husband.

On March 27, 2014, the court sentenced Appellant to life imprisonment, and we subsequently rejected Appellant's position that his confession should have been suppressed, affirming the judgment of sentence. *Commonwealth v. Martinez-Lopez*, 151 A.3d 1131 (Pa.Super. 2016) (unpublished memorandum). Appellant filed a timely *pro se* PCRA petition, counsel was appointed, and, after successfully obtaining continuances to file an amended PCRA petition, counsel elected to present a petition to withdraw and no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley,* 550 A.2d 213 (Pa.Super. 1988).

Soon after the withdrawal request was made, Appellant filed a motion asking that copies of the contents of his record be forwarded to him, either by PCRA counsel or the court. On May 26, 2017, the PCRA court denied Appellant's request for the record, concluding that it was too costly to copy the record and send it to Appellant, and granted counsel's request to withdraw. The PCRA court also issued notice of its intent to dismiss the PCRA petition without a hearing. On June 15, 2017, Appellant's petition was dismissed. Appellant filed the present appeal, which is timely under the

prisoner mailbox rule, as the notice of appeal was placed in the prison mail system on July 12, 2017. *See Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997)

In this appeal, Appellant presents one issue for our review: "Whether The Lower court committed a manifest abuse of discretion and committed reversible error in denying Appellant's PCRA Petition when the Honorable court denied The Petitioner access to all Pre Trial, Trial and Post Trial records, PA being a court of Records." Appellant's brief at 3.

Appellant notes that he raised one issue in his *pro se* PCRA petition, which related to whether trial counsel was ineffective for failing to investigate tire marks that were present where the victim's body was discovered. He remembered this possible basis for relief but maintains that he needs the record to ascertain if other issues could be raised in an amended PCRA petition. Appellant astutely recognizes that this PCRA petition essentially represents his sole opportunity to obtain review, continuing with the assertion that he "needs a complete copy of His file . . . so that any/all issues could be raised in This His initial P.C.R.A. Petition[.]" Appellant's brief at (unnumbered page) 9.

We conclude that Appellant's prayer for relief is meritorious. Since the PCRA court permitted counsel to withdraw, Appellant has the right to proceed *pro se*. This right is completely meaningless if Appellant does not have access to the pertinent documents in his record, which, at a minimum must include copies of his transcripts.

As we articulated in **Commonwealth v. Ballem**, 482 A.2d 1322, 1323 (Pa.Super. 1984) (footnote omitted):

> It is well-established that constitutional due process and equal protection require that a criminal defendant be afforded copies of his trial transcripts in order to effectively prosecute an appeal. **Griffin v. Illinois**, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Our Supreme Court has long upheld this procedural right and has attributed to the state the responsibility of providing a defendant with copies of the necessary proceedings so that appellate rights might be actively pursued. **See Commonwealth v. Goldsmith**, 452 Pa. 22, 304 A.2d 478 (1973); **Commonwealth v. DeSimone**, 447 Pa. 380, 290 A.2d 93 (1972); **Commonwealth v. Smith**, 285 Pa.Super. 460, 427 A.2d 1378 (1981).

Simply put, it is impossible for Appellant to represent himself, even though he has that constitutional right now that counsel has withdrawn, if he cannot review the meaningful portions of his record.

While the Commonwealth posits that Appellant has not been prejudiced by the challenged ruling since there are no issues of merit that could be presented in a PCRA petition,[1] this position places the cart before the horse. Without the record to review, Appellant is prevented from investigating whether there are indeed errors requiring the grant of some form of PCRA relief. A lack of prejudice cannot be demonstrated until Appellant reviews the record, presenting what he believes to be meritorious

---

[1] In its opinion, the PCRA court merely addresses the issue raised in the initial PCRA petition, but fails to justify why it did not grant Appellant access to his record.

issues for purposes of post-conviction review, and the courts examine those issues and conclude that they do not warrant PCRA relief.

Hence, Appellant must be granted access to copies of his trial transcripts to determine if he wishes to present an amended *pro se* PCRA petition, one that contains record-based contentions beyond the one he was able to recollect. If Appellant presents a plausible claim that he needs other portions of his record to pursue an issue, he likewise must be accorded copies of those sections of his record. Defense counsel is a likely source of the pertinent documents. Nevertheless, if the transcripts are not available from counsel, then the court must order that copies be made of the transcripts in the certified record and that such copies be sent to Appellant. Since he asked for his record before PCRA relief was denied and when he was representing himself, Appellant must be accorded the opportunity to file an amended PCRA petition after he reviews the relevant documents.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/16/2018