Commonwealth *v.* Hardy, Appellant.

Argued September 17, 1974. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William C. Haynes,* Assistant Public Defender, with him *Theodore S. Danforth,* Public Defender, for appellant.

*Charles A. Achey, Jr.,* Assistant District Attorney, with him *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

The facts of this case are identical to those reported in *Commonwealth v. Shriner,* 232 Pa. Superior Ct. 306, 332 A.2d 501 (1974). The appellant herein, William Hardy, was a co-defendant in that case, and has brought this separate appeal from his conviction of rape.

All but two of appellant's contentions have been decided by this court in *Shriner,* and will not be reconsidered herein. This court will discuss only those two issues not raised in *Shriner.*

Appellant first asserts that his conviction should be overturned because he was not identified in court as the person charged with the offense of rape. We do not find this to be reversible error.

It is settled law in Pennsylvania that the accused may be convicted of a crime where the evidence against him is entirely circumstantial and there is no evidence of identity. *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820 (1954). In the instant case, the appellant did not take the witness stand and was not subjected to examination by the Commonwealth or his co-defendants. However, there was ample testimony by the victim which placed appellant at the scene of the rape as a participant. There was also testimony by defense witnesses

who knew appellant. Among them was appellant's girl friend. None of the witnesses ever gave the slightest indication that this appellant was not the William Hardy present at the time of the alleged rape. And appellant himself made no claim of mistaken identity. Under these circumstances and in light of all the testimony, we do not find appellant to have been prejudiced.

Appellant also raises the question of the unconstitutionality of his sentence in light of the difference in sentences imposed upon women under the Muncy Act, Act of July 16, 1968, P.L. 349, No. 171, §1, as amended, 61 P.S. §566 (Supp. 1974), and upon men under the general sentencing statute of 1911, Act of June 19, 1911, P. L. 1055, §§1-6, as amended, 19 P.S. §§1051-57. This issue has recently been decided by the Pennsylvania Supreme Court in *Commonwealth v. Butler,* 458 Pa. 289, 328 A.2d 851 (1974). *Butler* ruled unconstitutional that part of the Muncy Act which proscribed minimum sentence for women, but upheld the Act of 1911. Therefore, appellant's argument is without merit.

Judgment of sentence affirmed.