372 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**Charles FISHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 2, 1976.

Decided March 31, 1977.

188

David R. Eshelman, Assistant Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken to our Court from Judgments of Sentence rendered on May 30, 1975, following jury trials on indictments lodged at lower court nos. 607 and 608 of 1974. Because both cases are before us in one proceeding, and because our disposition as to each differs, we shall address the issues separately.

## THE APPEAL FROM NO. 607 OF 1974

The indictment charged, in two counts, violations of the "Crimes Code", Act of 1972, Dec. 6, No. 334, viz: burglary, § 3502, and receiving stolen property, § 3925. Following disposition of preliminary motions, a jury was impanelled on March 20, 1975. A verdict of guilty of receiving stolen property was returned the next day, a demurrer to the charge of burglary having been sustained. On May 30, 1975, following hearing, the lower court sentenced appellant to serve a term of 2½ to 7 years' imprisonment, commencing at the expiration of the sentence rendered at No. 608 of 1974, *infra*, and to pay a fine of $500.00 plus costs. No post-trial motions were filed.

Appellant now alleges that the sentence was excessive and that the sentencing judge erred in failing to make known the rationale behind the sentence as rendered. Further, appellant argues that trial counsel, different from present counsel, was ineffective in failing to file a timely motion to suppress evidence (a motion to suppress was actually filed) and post-trial motions (the record does not indicate the filing of any post-trial motions). Were we to rely upon the transcribed sentencing hearing notes for disposition of the first contention, we could not dispose of the

ineffectiveness claim, even by a remand for hearing as to counsel's ineffectiveness, because neither we nor either party has the benefit of transcribed notes of testimony of trial. Nor are we able to assess on the present record whether trial counsel was in fact ineffective. Nor is appellant or his counsel able fully to review the trial proceedings and possibly to discover other arguments of trial counsel's ineffectiveness.[1] Despite repeated attempts by our Prothonotary to obtain said notes of trial testimony from the clerk of the lower court, and through the auspices of the court itself, we have not received these notes. It is apparent that the lower court cannot or will not comply with our requests and the mandate of Superior Court Rule 50.[2] It is necessary, for proper consideration of this appeal, that we be able to have the benefit of this vital part of the trial record. See *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478 (1973).

Therefore, judgment of sentence is reversed and the case is remanded for new trial.

### THE APPEAL FROM NO. 608 OF 1974

The indictment charged violations of the "Crimes Code", *supra*, viz., burglary and receiving stolen property, *supra*, and criminal conspiracy, § 903. Jury trial commenced on January 20, 1975, and the jury returned a verdict of guilty of burglary and criminal conspiracy and not guilty of receiving stolen property.[3] Following denial of post-trial motions, appellant was sentenced to serve 2½ to 7 years' imprisonment and to pay a $500.00 fine.

1. We note that we are further hindered in our deliberations because we could not, were we so disposed, allow an amended appeal including other substantive allegations of trial error, for the record does not contain the notes of testimony upon which such hypothetical arguments and our decision could be based.

2. The now-abrogated Rules were in force as of the date of this appeal.

3. This trial also included the indictment against appellant's wife at No. 612 of 1974, which case is not before us.

The testimony, viewed favorably to the verdict winner, shows that sometime following the close of business on March 15, 1974, and 9:30 A.M. March 16, a store specializing in the sale of pianos and clocks and owned by Robert Nye was burglarized and a grandfather clock manufactured by Seth Thomas, with serial number "4366" was missing. The front door glass had been broken for entry. On March 21, 1974, the clock was found at the apartment of appellant.

Appellant alleges that the evidence was insufficient to sustain the verdict. In addition to testimony of the investigating officers, owner Nye, and one other witness as to their finding that the burglary had occurred, their investigating, and their identifying the clock, one Stephan Sweigart testified that he had driven appellant, his wife, and Robert Ressler about town near the hour of midnight on the night in question. After a stop of 10 or 15 minutes, during which Ressler and appellant were away from the car, these two reappeared with a grandfather clock. They took the clock to appellant's apartment. Ressler testified that he had been at the store on the night in question, but refused at trial to give further details or identify with whom he had been. He recanted a statement given before trial. In opposition to the evidence offered by the Commonwealth was that of appellant and his wife. They testified that they had been at home the night of March 15. Mrs. Fisher of course knew that the clock was at her home, but she had been told by her husband that he had purchased it at auction, and this was his testimony at trial. The Commonwealth's case was based in part on circumstantial evidence, and "it has long been established in this jurisdiction that such evidence may be of sufficient quantity and quality to establish guilt of a crime beyond a reasonable doubt." *Commonwealth v. Dawson*, 464 Pa. 254, 346 A.2d 545 (1975). See also *Commonwealth v. Hardy*, 232 Pa.Super. 314, 332 A.2d 506 (1974). It is axiomatic that the trier of fact, here the jury, may believe or disbelieve any or all of either side's evidence. Here the jury found, on the evidence as above outlined, that appellant had committed a burglary and had

done so in conspiracy with another or others. We find the evidence, from both the eye witness and the circumstances to be entirely supportive, both as to weight and sufficiency, of those findings.

█ Appellant argues that the catalog picture of the clock was erroneously entered into evidence, for purposes of identification, when the actual item was available. The testimony of Nye was that the clock was quite large and heavy, although available to be brought into court. However, the trial judge, in his discretion, permitted the picture for identification. The real issue was whether a clock, similar in appearance to that pictured, with serial number "4366", had been stolen. Nye and the police officers testified that such had been the numbers on the clock found in appellant's possession; appellant denied this. In this posture the question was presented to the jury, the purpose of the picture being to assist the jury in understanding what the clock's appearance was. We find no error.

█ During defense cross-examination of Sweigert as to the written statement he gave to the police, counsel questioned the witness regarding the document. However, only the first two pages of the three-page statement had been made available. After questioning Sweigert as to whether appellant's name appeared on the two pages, and receiving a negative answer, the Commonwealth presented the third page, explaining that it received this page only at that time. The court explained to the jury that this last page did contain reference to the appellant, that the Commonwealth's failure to provide it was inadvertent, and that defense questions regarding whether appellant had been named in the statement or at least its first two pages were withdrawn. Appellant requested a mistrial, which was denied, and now argues that his position was prejudiced before the jury because his "questioning strategy" was shattered. We find this argument meritless. The omission was promptly cured and explained, following which appellant could have pursued questioning as to the third page. It was his choice not to do so. There is no basis in the record for a conclusion

that appellant had been prejudiced or that "the credibility of appellant and his counsel was shattered . . . ."[4] We find no error.

Nor is there error in the Commonwealth's pleading surprise when its own witness, Robert Ressler, recanted a statement which he allegedly had given to the police but which at trial he denied. The proper practice of pleading surprise was followed here when the Commonwealth's witness testified differently from what the Commonwealth had expected. By so pleading, the witness is subject to the broader questioning available under cross-examination, and the prosecution will then not be bound by the testimony of the witness who no longer, in reality, is a Commonwealth witness. In *Commonwealth v. Gurreri,* 197 Pa.Super. 329, 178 A.2d 808 (1962), we discussed the matter of the Commonwealth's impeachment of its witnesses. The matter is within the discretion of the trial judge to release in essence the Commonwealth from its assurance of truthfulness on the part of its witnesses. Our reasoning is that the witness' testimony "would be more helpful to the defendant than the Commonwealth and therefore it cannot be successfully argued that the action of the court below was harmful to the defendant." *Gurreri, ibid,* 197 Pa.Super. at 334, 178 A.2d at 810. It is particularly appropriate to permit the use of leading questions "where in a criminal trial the Commonwealth witness is an associate of the defendant and reluctant to testify against him." *Commonwealth v. Settles,* 442 Pa. 159, 162, 275 A.2d 61, 63 (1971). The requested mistrial was properly denied.

We find to be devoid of merit appellant's argument that it was error to permit examination as to an alleged notarized statement of appellant and his wife that they permitted removal of the subject clock to its owner. The statement was not admitted, and the record is silent as to whether the court sustained an objection thereto or the parties may have agreed not to admit it or the Common-

4. Quotations in this paragraph are from appellant's brief.

wealth failed formally to have it admitted. However, we believe that the possession and release of possession of the clock by appellant is a crucial aspect of this case. The statement showed release of possession, and was admissible therefor. Questioning regarding this statement was not error.

On November 8, 1974, the appellant moved to suppress evidence. On that day the Commonwealth filed its answer and the lower court denied the request without a hearing. However, herein no argument is made that it was error to have denied the requested relief. Rather, appellant argues that his application for continuance, filed on January 21, 1975, but allegedly presented the prior day, which is the very day on which trial began, was refused erroneously because the suppression motion was still pending. We cannot consider the merits of the denial of the suppression motion because that question is not before us. Appellant's argument as to the continuance is not self-sustaining because the record makes clear that the suppression motion was not outstanding, having been denied on November 8. Furthermore, a request of continuance made less than 48 hours prior to trial is at the court's discretion. *Pa.R.Crim.P.* 301(b). The trial court did not abuse its discretion by denying the requested continuance filed on the day after the trial began.[5]

Appellant challenges the sentence rendered as excessive. Having reversed the sentence at No. 607 of 1974, we shall address only the sentence at the remaining number. Appellant was convicted of burglary, a felony of the first degree for which the maximum fine is $25,000.00 and the maximum term of imprisonment is 20 years. Appellant was also convicted of criminal conspiracy, which is a crime of the same grade and degree as the most serious crime which is

---

5. We note that it is only by appellant's argument in his brief that we are told the continuance was asked on January 20. Trial began late in the afternoon of the 20th, when the jury was impanelled. The application was filed formally on the 21st. In any event, Rule 301(b) was not followed.

the object of the conspiracy, here, burglary. The fine and term of imprisonment are the same as for the object crime. The sentence rendered here certainly does not offend our conscience as a reviewing court; indeed we view it as a model of fairness. Nor do we agree with appellant that the trial judge must particularize his rationale for what he renders as the sentence. The "Sentencing Code", a part of the "Crimes Code", *supra,* 18 Pa.C.S. § 1301 *et seq.,* was scrupulously followed. We shall not overturn the sentence.

 Lastly, appellant argues that trial counsel was ineffective. Insofar as this relates to the appeal at No. 608, he now specifies that trial counsel was ineffective in failing to refile a timely motion to suppress after it was filed and denied on November 8. However, nowhere in this appeal does appellant pursue, as a point of error, the denial of the motion. Rather, as discussed above, he posits that the motion was pending at time of trial and that his continuance application should have been heard for that reason. We have pointed out that this is without merit. Therefore, if the suppression issue is not a part of this appeal, we shall not consider it ineffective representation not to have filed a second suppression motion. If appellant has not deemed the issue of such merit to support an allegation of error for purposes of this appeal, then we shall not hear him essentially raising the point by engrafting upon it an ineffective counsel claim in trial counsel's failure to seek a second resolution of the suppression request. On the basis of the present record and the argument before us, we determine that trial counsel was not ineffective.

Judgment of sentence is affirmed.

SPAETH, J., files a concurring and dissenting opinion, in which HOFFMAN and PRICE, JJ., join.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

I join Judge SPAETH's concurring and dissenting opinion. I also note my belief that *Commonwealth v. Fisher,* 243

Pa.Super. 128, 364 A.2d 483 (1976), requires that we remand appellant's claim of ineffective assistance of counsel for an evidentiary hearing. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

SPAETH, Judge, concurring and dissenting:

I agree with the majority's disposition of the appeal from No. 608, but I suggest that the remedy chosen in the appeal from No. 607 is both inappropriately drastic and quite unnecessary.

There well may be reasons why "the lower court cannot . . . comply with our requests and the mandate of Superior Court Rule 50," Majority Opinion 247 Pa.Super. at 192, 372 A.2d at 3, *i. e.* to forward us a transcript of the notes of testimony at trial. However, there is nothng in the record to show either that there are such reasons, or what they are. In these circumstances, the majority's decision to order a new trial penalizes the prosecution, which may lose the new trial, when, for all we can tell from the record, the fault lies not with the prosecution but with the lower court.

This is not a case like *Commonwealth v. Goldsmith,* cited by the majority. There, trial counsel made repeated requests but never received a full transcript; substantial and pertinent portions of the testimony were never transcribed because the stenographer became ill and later died, and other stenographers were unable to transcribe the notes of the deceased stenographer. Nor is this case like *Commonwealth v. DeSimone,* 447 Pa. 380, 290 A.2d 93 (1972); there, no "equivalent 'picture' of what transpired below," *Commonwealth v. Anderson,* 441 Pa. 483, 493, 272 A.2d 877, 882 (1971), could be reconstructed, because the judge who presided at the trial was dead, defense counsel no longer was practicing in the Commonwealth, the prosecutor testified that he had no independent recollection of the case, and the judge's court reporter testified that she did not recall whether or not she was present at the trial.

*Goldsmith* and *DeSimone* involved appeals from PCHA proceedings, which explains how the Supreme Court knew

why transcripts were not available. The present case is on direct appeal. This distinction, however, does not compel the majority's result. By analogy to the procedure used when a claim of ineffective trial counsel is raised on direct appeal, *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975), we could remand for a hearing at which an attempt could be made to reconstruct the record. If reconstruction were not possible, as in *DeSimone,* the hearing would tell us why.

This suggested procedure would be necessary only if the lower court is unable to have the notes of testimony transcribed. Accordingly, I would remand for completion of the record by addition of the notes, with the alternative that if that were not possible, the suggested procedure should be followed.

HOFFMAN and PRICE, JJ., join in this opinion.