J-S29012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MATTHEW JOSEPH COLE :
:
Appellant : No. 1182 WDA 2021

Appeal from the Judgment of Sentence Entered August 30, 2021
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000264-2020

BEFORE: PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: OCTOBER 31, 2022**

Matthew Joseph Cole appeals from the judgment of sentence entered by the Clearfield County Court of Common Pleas after the court held a bench trial, with Cole acting *pro se*, and found Cole guilty of Driving Under the Influence ("DUI") and several summary offenses. Cole argues on appeal that the court abused its discretion by failing to grant him a continuance on the morning of the bench trial so that he could continue to try to obtain counsel. We conclude that the trial court did not abuse its discretion, and we therefore affirm Cole's judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Cole was charged with DUI and several summary motor vehicle violations on January 22, 2020.[1] In July 2020, Cole entered into a negotiated plea agreement with the Commonwealth. However, on October 26, 2020, the Commonwealth withdrew its consent to the plea agreement at a hearing in which Cole appeared unrepresented. Cole indicated at the hearing that he had applied to the Public Defender's Office, but had not yet heard back. The trial court asked the Assistant Public Defender to check into Cole's application. The trial court also specifically informed Cole that the Commonwealth's withdrawal of the plea offer meant his case was being placed back on the trial list, and that his case would "be tried consistent with Rule 600. That will give you enough time to obtain counsel, whether it's the public defender's office or not." N.T., 10/26/20, at 3.

Cole failed to appear at a pretrial conference on January 21, 2021. At the following pretrial conference, on March 18, 2021, Cole appeared, but almost three hours late. He did not have counsel. After the parties established that the matter would proceed to a bench trial, the court set the trial date for June 15, 2021. The Commonwealth asked the court to appoint standby counsel, and the court agreed it would. The court instructed Cole in no uncertain terms that his bench trial had been set for June 15, 2021, and would begin promptly at 9 a.m.

_____

[1] Cole did not appear for his preliminary hearing.

The matter proceeded to the bench trial on the scheduled date, which was almost one and one-half years after the charges had been filed against Cole. The Chief Public Defender for Clearfield County was present at the trial as standby counsel. He informed the court that the Public Defender's Office had received an application for representation from Cole the day before - June 14, 2021. However, the office determined that Cole did not qualify for a public defender, and had notified Cole of its determination. **See** N.T., 6/15/21, at 5.

Cole, meanwhile, told the court he had sent 15 applications to the Public Defender's Office over the past year and a half. However, according to Cole, those applications had repeatedly been returned to him on the basis that he had failed to complete them correctly. When the court asked Cole for evidence of this, Cole was only able to produce a single letter from the Public Defender's Office, dated December 1, 2020, stating that an application had been returned to Cole for lack of documentation. **See id.** at 6. The court pointed out to Cole that over six months had elapsed since he had received that letter. It proceeded to inform Cole that if he could not provide any evidence that he had received subsequent letters from the Public Defender's Office regarding any applications he may have filed in those six months, or evidence of the applications themselves, the court was going to proceed to trial. Cole was not able to produce any such evidence.

Cole told the court, though, that he had hired a private attorney the day before. According to Cole, the attorney informed him that he was unable to

attend the trial the following day on such short notice. The court asked the Commonwealth for its position on the continuance, and the Commonwealth responded that it was ready to proceed to trial.

The case proceeded to the bench trial, with Cole acting *pro se*, and the Chief Public Defender acting as standby counsel. The court found Cole guilty of DUI and several summary offenses, and sentenced him to three to six months' incarceration for the DUI charge and to fines and costs for the summary offenses. Cole filed a timely notice of appeal, and both Cole and the trial court complied with Pa.R.A.P. 1925. Cole raises a single issue on appeal:

> Whether the trial court erred when it denied [Cole's] motion for continuance to acquire legal counsel when [Cole] had neither effectively waived his right to counsel and his conduct in the case did not support [a] finding of forfeiture of the right to counsel.

Appellant's Brief at 7 (unnecessary capitalization omitted).

Cole argues the trial court abused its discretion by denying his motion for a continuance to obtain counsel.[2] He asserts the court improperly denied the motion based on its erroneous conclusion that he forfeited his right to counsel by engaging in dilatory conduct. This claim offers Cole no basis for relief.

_____

[2] Cole does not point to any place in the June 15, 2021 transcript where he actually moved for a continuance, nor do we see any such request in the record. However, the court clearly treated the exchange that occurred on June 15, 2021, as an oral motion for a continuance, and we will do the same.

As Cole acknowledges, it is within a trial court's discretion to decide whether to grant or to deny a motion for a continuance, and this Court will reverse that decision only if we find the trial court abused its discretion. **See Commonwealth v. Ross**, 57 A.3d 85, 91 (Pa. Super. 2012). Further, Rule 106(D) of the Rules of Criminal Procedure provides:

> A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106 (D).

Cole does not dispute that he did not request a continuance until the morning of the trial, nor does he argue that any of the conditions allowing the court to entertain a motion filed within 48 hours of the proceeding exist here. Therefore, it was, as the trial court found and the Commonwealth maintains, well within the discretion of the court to deny a motion for a continuance under Rule 106(D). **See** Commonwealth's Brief at 4 (*citing* **Commonwealth v. Fisher,** 372 A.2d 1, 5 (Pa. Super. 1977) (holding that a request for a continuance made less than 48 hours prior to trial is at the court's discretion, and the trial court in that case did not abuse its discretion by denying the defendant's request for a continuance the day after trial began)).

Cole seems to argue, however, that the court abused its discretion because the denial of his motion for a continuance had the effect of forcing him to continue to trial *pro se*, which in turn violated his constitutional right

- 5 -

to counsel. In making this argument, Cole acknowledges that the right to counsel is not absolute and may be waived or forfeited. *See Commonwealth v. Lucarelli*, 971 A.2d 1173, 1178-1179 (Pa. 2009). As for the latter, he further acknowledges that a trial court may determine that a defendant has forfeited his right to counsel and direct the defendant to proceed *pro se* in instances where the defendant has engaged in extreme dilatory conduct. *See id.* at 1180. Cole admits that while "there is evidence of some dilatory conduct on [his] part[,]" "the question to be answered is whether he engaged in conduct that could be considered extremely dilatory." *See* Appellant's Brief at 12, 17.

In essentially answering that question in the affirmative, the trial court explained that Cole had been given plenty of time to secure counsel prior to trial, but had failed to do so. The court told Cole as early as October 2020 that the case was proceeding to trial and he needed to obtain an attorney. Then, in March 2021, the court specifically instructed Cole that trial was set for, and would take place on, June 15, 2021. Therefore:

> [Cole] was aware of the date of the bench trial for nearly three months and the charges for almost a year and a half; he should not be rewarded for his lack of preparation by receiving a continuance on the day of trial when the Court and Commonwealth were prepared to move forward.

Trial Court Opinion, 12/29/21, at 4.

In its opinion, the trial court recognized Cole's assertions on the morning of trial that he had tried to apply for a public defender and had unsuccessfully

submitted 15 incomplete applications in those efforts. The court, however, pointed out that Cole had been unable to provide any evidence of these applications except the single letter from December 1, 2020. **See id.** at 3. The court added that Cole was also unable to demonstrate how he had been filling out the forms incorrectly or that he had tried to correct whatever deficiencies had been found in his alleged subsequent applications. **See id.** at 4. The court continued:

> Additionally, [Cole] was present for a proceeding on October 26, 2020. At that time, [Cole] told the Court that he had submitted applications for representation, but had not yet been approved. This Court sent an Assistant Public Defender to check on the status of [Cole's] application, and [Cole] was instructed to wait and speak with her to determine what, if anything, was needed to complete the application. [Cole] was also notified that his case would be placed on the trial list, and he would need to obtain counsel, either through the Public Defender's Office or private counsel. Nothing that [Cole] presented exhibited that he took the necessary steps to follow the instructions of the Court or the Public Defender's Office. [Cole] willful[ly] failed to successfully complete an application for representation.

**Id.** at 4.

The court also acknowledged that Cole claimed on the morning of trial that he had obtained private counsel the day before trial. However, as the trial court observed, there was no evidence the attorney either entered his appearance or requested a continuance on behalf of Cole. **See id.**

We see no abuse of discretion in the court's decision to deny Cole's request for a continuance and proceed to trial under these circumstances. We do not agree with Cole's assertion that the trial court erred by finding that he

forfeited his right to counsel by engaging in sufficiently dilatory conduct. Cole failed to obtain counsel despite having more than enough time to do so, and despite being advised by the court that he needed to do so. Although Cole claimed he had made multiple unsuccessful attempts to obtain representation through the Public Defender's Office, he was unable to produce any evidence other than a single letter to support those allegations.

Even had Cole provided evidence of what he classifies as the "miscommunication" with the Public Defender's Office, it was incumbent upon Cole to take the necessary steps to properly complete an application to the Public Defender's Office - or seek private counsel - within a reasonable time of the trial date of which he had been duly notified. Instead, the Chief Public Defender testified on the morning of trial that his office had received an application from Cole just the day before, which it denied on the basis that Cole did not qualify for a public defender. Therefore, it was not until the day before trial, the date of which Cole had been aware of for months, that Cole attempted to obtain private counsel. Based on this conduct, we see no error on the part of the trial court in denying Cole's motion for a continuance and proceeding to trial with Cole acting *pro se*, as he had forfeited his right to counsel. *See Lucarelli*, 971 A.2d at 1180 (*citing Wilkerson v. Klem*, 412 F.3d 449, 454 (3d Cir. 2005) (holding that a defendant who had been duly notified of the date of his trial and who had been advised to obtain counsel in sufficient time to be ready for trial, and who appeared on the scheduled date

without counsel or a reasonable excuse for his failure to have counsel, forfeited his right to counsel)).

We note that Cole also takes issue with the fact that he never waived his right to counsel or received a colloquy regarding any such waiver. However, in cases of forfeiture such as this one, it is not necessary for the court to conduct a colloquy to ensure the defendant is knowingly and voluntarily waiving the right to counsel. *See Lucarelli,* 971 A.2d at 1178. Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/31/2022